### F. H. LEGGETT & CO. v. UNITED STATES.

#### MEYER & LANGE v. SAME.

(Circuit Court, S. D. New York.   July 5, 1904.)

Nos. 3,414, 3,415.

**1. CUSTOMS DUTIES—CLASSIFICATION—EDIBLE WAFERS.**

Edible wafers, raised in the making by the use of baking powder or bicarbonate of soda, are "leavened," although such agents do not produce fermentation, and are dutiable under section 6, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], as nonenumerated manufactured articles, and not entitled to free entry under paragraph 696 in the free list, covering "wafers, unleavened or not edible" (Act July 24, 1897, c. 11, § 2, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1688]).

Appeals from a Decision (G. A. 5,393, T. D. 24,596) of the Board of United States General Appraisers.

Albert Comstock, for importers.

Charles Duane Baker, Asst. U. S. Atty., and Albert H. Washburn, counsel for the Treasury Department, for the United States.

131 F.—52

TOWNSEND, Circuit Judge. The merchandise in question comprises wafers, edible, which were assessed for duty as a nonenumerated manufactured article, at 20 per cent. ad valorem, under the provisions of section 6 of Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], and are claimed as free under the provisions of paragraph 696, as "wafers, unleavened or not edible" (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1688]). It is conceded that baking powder or bicarbonate of soda was used in the manufacture of these wafers. The question is whether they are leavened.

The Board of General Appraisers found as follows:

"In order to produce a leaven, it is only necessary that an agent to set up fermentation be employed; and baking powder or bicarbonate of soda are such agents. The Standard Dictionary defines leaven as 'any substance that sets up or is intended to set up fermentation.' The Century and Webster's Dictionaries each defines leaven as 'to excite fermentation in; to raise and make light, as dough or paste.' "

The board concluded that these wafers were leavened, within the dictionary definitions, because they thought that baking powder and soda set up fermentation. It admitted that the board were mistaken in this conclusion, and that said substances do not set up fermentation.

In its most technical and limited sense leaven is sour dough, and in this sense the term was understood 2000 years ago. Later, yeast was substituted for sour dough as a leaven. Each of these substances leavened in the sense that it set up fermentation. The government contends that the term has now been extended so as to include in common speech anything which accomplishes the result of a leaven in its etymological sense—that is, which raises or makes light—and that the term "unleavened," as applied to wafers, is restricted to wafers such as are used as a vehicle for taking medicine, or as seals, or for religious purposes. There is a hopeless conflict of evidence as to the sense in which the term "leaven" is commonly used. The finding of the board states that "it conclusively appears from the evidence before us that there is no common, uniform, or general trade understanding which includes the words 'leavened' or 'unleavened.' " We are brought, therefore, to a consideration of the dictionary definitions. Here there is a substantial agreement that leaven means any substance that sets up fermentation in, or raises and makes light. There is considerable evidence tending to show that this broad definition corresponds with ordinary understanding and speech. The strongest argument for the importers is in the matzoths or Passover bread of the Hebrews, which, while raised or made light by the action of intense heat upon the water in the dough, is known as unleavened bread. But matzoths are not made light by any substance except the steam generated in the course of baking the dough. And it is thought that the limited application of this term in a biblical sense to a peculiar product used in the religious observances of a particular sect is insufficient to overcome the broader general understanding of the term.

The decision of the Board of the General Appraisers is affirmed.